IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3168-FL

| | |
|---|---|
| MANDRIEZ SPIVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNKNOWN WARDEN, UNKNOWN ) | |
| ASSISTANT WARDEN, UNKNOWN ) | |
| MANAGER, UNKNOWN ) | |
| COUNSELOR, and UNKNOWN ) | |
| INTAKE STAFF, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a former federal inmate proceeding pro se, commenced this action by filing complaint on May 2, 2022,[1] asserting claims for violations of his civil rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court for initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and on plaintiff's motions for leave to proceed in forma pauperis (DE 2) and to appoint counsel (DE 3).

**COURT'S DISCUSSION**

A.     Plaintiff's Motions

The court begins with plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for

---

[1] Plaintiff initially filed this action in the United States District Court for the Middle District of Georgia, and the case was transferred to this court pursuant to 28 U.S.C. § 1406(a). (See DE 4).

pro se civil litigants "only in exceptional cases."  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").  Plaintiff has failed to demonstrate that exceptional circumstances justify appointment of counsel.  Accordingly, the motion to appoint counsel is denied.

Plaintiff also moves to proceed in forma pauperis.  Where plaintiff has made the requisite showing that he is unable to pay the filing fee, the motion is granted.  See 28 U.S.C. § 1915(a)(1).

B.     Initial Review

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes

2

these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, plaintiff alleges defendants denied him access to the administrative grievance procedure when he was incarcerated. Denial of access to an administrative grievance procedure does not rise to the level of a constitutional violation. See Booker v. South Carolina Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). And to the extent plaintiff alleges any other claims, plaintiff fails to offer sufficient factual support to survive initial review. See Iqbal, 556 U.S. at 678. Accordingly, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

Based on the foregoing, plaintiff's motion to proceed without prepayment of fees (DE 2) is GRANTED and his motion to appoint counsel (DE 3) is DENIED. This action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of November, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

3

Case 5:22-ct-03168-FL    Document 7    Filed 11/30/22    Page 3 of 3